# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DANIEL OREN MORGAN,

    Petitioner,

    v.

EARL L. HOUSER,

    Respondent.

Case No. 4:21-cv-00031-SLG

## ORDER OF DISMISSAL

At Docket 1, Daniel Oren Morgan, a self-represented prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241. Mr. Morgan alleges that as a state prisoner he was (1) extradited to Alaska from Oregon without proper procedural due process; (2) denied counsel upon his arrest; and (3) that Alaska lacks jurisdiction over him for failing to follow extradition protocols.[1]

The Court takes judicial notice of Mr. Morgan's state court criminal case in *State of Alaska v. Daniel Oren Morgan*, Case No. 4FA-15-02090CR.[2] Specifically, the record in that case reflects that a final judgment of conviction was entered in

---

[1] Docket 1 at 6-7.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

that case by the Alaska Superior Court after a sentencing hearing on May 11, 2021.[3]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[4] A court must "promptly examine" a habeas petition.[5] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[6] Upon screening, it plainly appears that Mr. Morgan is not entitled to habeas relief pursuant to § 2241, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[7] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[8] Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a prisoner "in custody

---

[3] *State of Alaska v. Daniel Oren Morgan*, Case No. 4FA-15-02090CR ("Events: 05/11/2021 Sentencing Hearing, Hearing Held" & docket entry dated 05/1/2021 "Charge Disposition: Defendant Convicted on Charge[.] For sentencing information, see Judgment in the case file.").

[4] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[5] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. (The same procedural rules for 28 U.S.C. § 2254 govern 28 U.S.C. § 2241, Local Habeas Corpus Rule 1.1(c)(2)).

[6] *Id.*

[7] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[8] *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

Case No. 4:21-cv-00031-SLG, *Morgan v. Houser*
Order of Dismissal
Page 2 of 4
Case 4:21-cv-00031-SLG   Document 2   Filed 02/08/22   Page 2 of 4

in violation of the Constitution or laws or treaties of the United States."[9]  However, this Court's "authority to grant habeas relief to state prisoners is limited by [28 U.S.C.] § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"[10] Among the requirements of § 2254 is the directive that a post-conviction state prisoner must exhaust all available state court remedies prior to seeking habeas relief from a federal court.[11]

Mr. Morgan was sentenced by the state court on May 11, 20121.  As such, he is no longer a pre-trial detainee and a petition under 28 U.S.C. § 2241 is no longer proper.  Mr. Morgan may pursue a direct appeal to the Alaska Court of Appeals and Alaska Supreme Court.[12]  If his direct state appeals do not grant relief, Mr. Morgan may pursue post-conviction relief from the Alaska Superior Court. And appeal any adverse determination to the Alaska Court of Appeals and the Alaska Supreme Court.[13]  After exhausting all available state remedies, he may file a petition for habeas corpus with this Court under 28 U.S.C. § 2254.[14]  28 U.S.C. §

---

[9] 28 U.S.C. § 2241(c)(3).

[10] *Felker v. Turpin*, 518 U.S. 650, 662 (1996).

[11] 28 U.S.C. § 2254(b)(1)(A).

[12] In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[13] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845; *see* Alaska Criminal Rule 35.1.

[14] 28 U.S.C. § 2254(c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Case No. 4:21-cv-00031-SLG, *Morgan v. Houser*
Order of Dismissal
Page 3 of 4
Case 4:21-cv-00031-SLG   Document 2   Filed 02/08/22   Page 3 of 4

2254 is the proper avenue for a convicted state prisoner to challenge his conviction based on alleged constitutional violations in federal court.[15]

For the foregoing reasons, Mr. Morgan's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is not procedurally proper at this time, because Mr. Morgan is no longer a pre-trial detainee but is instead in custody pursuant to a state court conviction. Therefore, Mr. Morgan's petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED** without prejudice.

2. All pending motions are **DENIED**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[16]

DATED this 8th day of February, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] 28 U.S.C. § 2254(a).

[16] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 4:21-cv-00031-SLG, *Morgan v. Houser*
Order of Dismissal
Page 4 of 4
Case 4:21-cv-00031-SLG   Document 2   Filed 02/08/22   Page 4 of 4